## Graham's Executors *versus* Graham.

1. A testator gave to his executors land in trust, to permit his son Stafford, "his wife and children, to reside upon it" so long as he "and his wife or either of them shall live" and after their deaths to his son's children. He gave other land in the same manner for other sons. He gave the residue to his executors to receive the income, &c., and "semi-annually divide (it) into three equal shares, one of which shall be paid into the hands of each of my said sons * * * for the support, &c., of themselves, their wives and children, and in case of the death of any (son) during the continuance or existence of this trust, the share payable to him shall be paid one-third to his widow and two-thirds to his children," &c. Stafford died in the testator's life, leaving a widow but no children. *Held*, that the widow took an interest in the residue directly from the will and not through her husband.

2. The wives were as direct objects of testator's bounty as the sons.

3. The trust was to continue during the life of the wife and therefore for her use.

November 9th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* Of October and November Term 1870, No. 212.

This was an amicable action and case stated, in which Annie Graham was plaintiff, and William Roseburg, John D. McCord, and John B. Herron, executors of John Graham, deceased, defendants. To June Term 1870.

The case exhibited the following facts:—

On the 20th day of March 1866, John Graham, defendants' testator, made his will, by which, amongst other things, he devised:—

"3d. To my executors and trustees hereinafter named, and the

survivor or survivors of them, &c., I give and devise, in fee simple in trust, for the purposes hereinafter mentioned, 400 acres of land, &c., in Shelby county in the state of Missouri, being the same on which my son, Stafford Graham, now resides; to have and to hold the same for and upon the purposes, uses and trusts following, viz., that my said trustees shall and will permit my said son, Stafford Graham, and his wife and children, to reside upon and use and occupy the said 400 acres of land, with the improvements and appertenances, free of rent (he, his wife and children paying the taxes assessed thereon), so long as my said son Stafford and his wife, or either of them, shall live, and that after the death of my said son Stafford and his wife, my said trustees shall and will grant and convey the said land and appertenances, in fee simple to the children of my said son Stafford then living, and the issue of any of them then deceased, in equal shares, giving to the issue of a deceased child the same share he or she would have taken if then alive."

He made precisely similar devises of other real estate for his sons Alexander and Lewis, their wives and children.

"8th. As to all the rest and residue of my estate, &c., I give, &c., the same to my said executors and trustees, to be held by them and their successors for and upon the following purposes, uses and trusts, viz., that they will receive and collect the rents, profits and dividends, and income of my said residuary estate, with power and authority to sell the same or any part thereof, &c. * * * I further direct that my said executors and trustees and their successors shall use and apply the income yielded by my said residuary estate as follows, viz., They shall semi-annually divide said yearly income into three equal parts or shares, one of which shall be paid by them into the hands of each of my said sons, Stafford, Alexander R. and John, to be used for the support, maintenance and education of themselves, their wives and children, and for no other purpose; and in case of the death of any of my said sons, during the continuance and existence of this trust, in regard to said residuary estate, the share payable to him semi-annually for the purposes aforesaid shall be paid, one-third thereof to his widow and two-thirds thereof to his children; but if he shall have left no widow, then the whole shall be paid to his children and issue of deceased children, if such there be; but if he have left no children or issue of children, then it shall be paid to the children of my other sons then living, and the issue of such as may be deceased, in equal shares, in the manner hereinbefore provided, the issue of deceased children in all cases taking together the same share as the deceased child would have taken if alive.

"9th. I further direct that this residuary trust shall cease and terminate when all my said sons and their present wives, Martha,

[Graham's Executors v. Graham.]

Annie and Cecilia, shall have died; and I direct that my then acting trustees shall then, viz., after the death of all of my said sons and their said wives, divide and distribute the said residuary trust estate among the children of my said sons then living, and the issue of such of them as may be then deceased, equally in the manner · hereinbefore directed; that is to say, the issue of a deceased child taking the same share as the parent would have taken if alive at that time, and to execute all such deeds of conveyance or other instruments of writing as may be necessary for the purpose of making said division and distribution."

Stafford Graham died on the 29th day of December 1868, leaving a widow, Annie Graham, the plaintiff, but no children; and on the 11th day of February 1869 John Graham, the testator, died. " If the court should be of opinion that the plaintiff has an interest in the testator's residuary estate, then judgment to be entered in favor of plaintiff for the sum of $1469.84, with interest thereon from September 16th 1869, the amount of the first semi-annual payment to be made to the plaintiff, as residuary legatee, if she be such under the said will; but if the court shall be of opinion that, under the facts as above stated, the plaintiff is not entitled to recover, then judgment to be entered in favor of the defendants."

July 5th 1870 the court ordered "that judgment be entered in favor of the plaintiff, on the case stated, for $1538.39, with costs."

This judgment was assigned for error on the removal of the case to the Supreme Court by the defendants.

*J. S. Morrison* (with whom was *A. P. Morrison*), for the plaintiffs in error.—The devise to Stafford lapsed by his death in the testator's life: Weishaupt *v.* Brehman, 5 Binn. 115; Comfort *v.* Mather, 2 W. & S. 450; Acts of April 8th 1833, § 12, Pamph. L. 250; May 6th 1854, § 2, Pamph. L. 565; Purd. 1017, pl. 14, 15. Stafford died before the trust came into existence, therefore not during "its continuance or existence;" and the contingency on which his widow was to take an interest never occurred.

*G. Shiras, Jr.,* for defendant in error.—The plaintiff does not take as the widow of the devisee, but as a legatee designated in the will. The inclination of courts is to save a lapse: 2 Redfield on Wills 492.

The opinion of the court was delivered, January 3d 1870, by

WILLIAMS, J.—We have no doubt, under the facts agreed on by the parties in the case stated for the opinion of the court, that Annie Graham, the plaintiff below, has an interest in the residuary estate of the testator. It is apparent from all the dispositions which the testator made of his estate that his sons' wives

were as much the direct objects of his bounty as his sons themselves, and that he intended to make no distinction between his sons and their wives in the provisions which he made for their support. The real estate which he specifically devised to his executors and trustees, for the separate use of each of his three sons, is expressly declared to be in trust and for the use of such son and his wife so long as they or either of them shall live. And the same provident care is shown for the wives as for the sons in the provisions which the testator made for the support of both out of the annual income arising from his residuary estate. Let us see what these provisions are, for on them the question in this case turns. The residue of the testator's real and personal estate is devised and bequeathed to his executors and trustees in trust, that they shall receive and collect the yearly income arising therefrom, and then the will proceeds in these words : "They shall, semi-annually, divide said yearly income into three equal parts or shares, one of which shall be paid by them into the hands of each of my said sons, Stafford, Alexander R. and John, to be used for the support, maintenance and education of themselves, their wives and children, and for no other purpose; and in case of the death of any of my said sons during the continuance and existence of this trust, in regard to said residuary estate, the share payable to him, semi-annually, for the purposes aforesaid, shall be paid, one-third thereof to his widow, and two-thirds thereof to his children, &c. * * * * * * * I further direct, that this residuary trust shall cease and terminate when all my said sons and their present wives, Martha, Annie and Cecilia, shall have died; and I direct that my then acting trustees shall then, viz.: after the death of all my said sons and their said wives, divide and distribute the said residuary trust-estate among the children of my said sons, then living, and the issue of them as may be then deceased, equally, in the manner hereinbefore directed." It is true that the will makes no express provision for the contingency which has occurred by the death of the plaintiff's husband, Stafford, in the lifetime of the testator. But his death, though it may not have been anticipated and provided for, cannot defeat the manifest intention of the testator to provide for the support and maintenance of the plaintiff during life out of the income annually arising from his residuary estate. The trust is to continue by the express provisions of the will so long as the plaintiff shall live. But why should the testator provide for the continuance of the trust during her lifetime unless he intended that it should be for her use ? We must then construe this will so as not to defeat or set aside the clearly expressed intention of the testator, and it is manifest that he did not intend that the legacy should lapse if his son died in his lifetime but that it should go to his wife and children, if he left any, in the propor-

[Graham's Executors *v.* Graham.]

tions specified in the will, whenever his death might occur. The plaintiff's right to the legacy is not derived from or through her husband, but from the will of the testator and the provisions which he made for her support and maintenance.

Judgment affirmed.